IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RICHARD MOORE                                                                         PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-cv-080-NBB-RP

JIMMY EDWARDS, UNION COUNTY
SHERIFF'S DEPARTMENT, BLAKE SMITH,
KEITH ROBERTS, CURT CLAYTON,
CHRIS CHILDERS, AND CHRIS CHAPPELLE                  DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendants' Motion for Judgment on the Pleadings. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

### Factual Background and Procedural Posture

The plaintiff, Richard Moore, brings this action *pro se* alleging claims against the defendants under 42 U.S.C. § 1983 for constitutional violations including false arrest, false imprisonment, and violation of the Fourteenth Amendment. These claims arise from an incident allegedly occurring on December 17 and 18, 2017, at and near the plaintiff's residence at the time[1] in Blue Springs, Mississippi.

The plaintiff alleges that on December 17, 2017, he was in his front yard at this residence when he was aggressively harassed by a group of people driving twenty or more vehicles. The plaintiff asserts that the drivers would drive by his house very slowly and at times come to a complete stop, allegedly blowing their horns, shouting obscenities, making "neck-cutting" motions with their hands, and racing their engines with loud exhaust systems. The plaintiff

---

[1] The plaintiff subsequently moved to Arizona for a time but appears to have returned to his prior residence according to the court's records.

allegedly called 9-1-1, and approximately forty-five minutes later, two Union County Sheriff's Deputies arrived on the scene. The plaintiff alleges that just minutes prior to the deputies' arrival, the alleged stalking stopped. The deputies interviewed the plaintiff and informed him that they were aware of no groups of people in the area organizing and committing this type of stalking activity.

According to the plaintiff, as soon as the deputies left, the stalking resumed more aggressively. The plaintiff asserts he called 9-1-1 again several times, and after an hour one of the same deputies from the earlier visit, defendant Blake Smith, arrived and pulled into the Alpine Volunteer Fire Department parking lot which is adjacent to the plaintiff's property. The plaintiff alleges that Smith motioned for him to walk to the parking lot, which had allegedly just emptied of all the vehicles involved in the stalking, again just prior to Deputy Smith's arrival. The plaintiff contends that when he complied with the deputy's request, he was immediately slammed against the deputy's vehicle, handcuffed, and forced into the deputy's car, his head hitting the side of the car in the process. The plaintiff alleges he was arrested for public intoxication, booked at the county jail, refused a telephone call to his attorney, denied his medications, food and water, and initially was not allowed to make bond or contact a bondsperson. After several hours in jail, the plaintiff was allowed to make bond and was released. The plaintiff alleges, without supporting documentation, that the matter was heard by a judge on March 13, 2018, and the case was dismissed with a finding of "not guilty."

The plaintiff filed his *pro se* complaint on April 14, 2021, and his amended complaint on May 14, 2021. The defendants answered and have now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the standard for deciding a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). Under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Analysis

With the present motion, the defendants argue, and the court is persuaded, that the plaintiff's claims are barred by the statute of limitations and should be summarily dismissed. The statute of limitations for a lawsuit brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *See Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding that Mississippi's residual statute of limitations applies in Section 1983 actions).

In Mississippi, the applicable statute of limitations is set forth in Miss. Code Ann. § 15-1-49, which allows a litigant three years to file such an action. The statute begins to run "the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russell v. Bd. of Trustees of Firemen, Policemen & Fire Alarm*

3

*Operators' Pension Fund of Dallas*, 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)). The court finds that the plaintiff's claims are therefore subject to a three-year statute of limitations.

The plaintiff's amended complaint alleges that the incident giving rise to all of his claims occurred on December 17 and 18, 2017. The plaintiff had three years from the date of the incident, or December 18, 2020, to file suit against the defendants but failed to do so. He did not file his complaint until April 14, 2021, well outside the limitations period. The plaintiff's claims are therefore barred by the applicable statute of limitations and must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendants' Motion for Judgment on the Pleadings is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 8th day of March, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE